AMBRO, Circuit Judge,
concurring in part and dissenting in part,
The Robinsons allege a classic example of vicarious liability, similar to what many law students come across in their first year torts class: a store’s employees suspect a customer of shoplifting, then confront and assault the customer. Were the Robinsons’ counsel competent, this case would not have been close. The District Court dismissed the first amended complaint and identified its factual deficiencies. If possible, counsel should have replied with additional factual allegations or, if *134 those facts were unavailable, simply elected to stand on the complaint. See, e.g., Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004), as amended (Dec. 23, 2004) (“If the plaintiff elects to stand on the dismissed complaint, however, the order of dismissal is final and ap-pealable.”). Instead, counsel merely parroted the District Court’s legal conclusions in the second amended complaint. And on appeal counsel’s performance again has been so deficient that the Robinsons would have been better served proceeding pro se. As my colleagues aptly note, “[counsel’s appellate] brief is of such poor quality that it is difficult ... to discern the reasons why we are asked to reverse the District Court’s order.” Maj. Op. 130.
That noted, I nonetheless believe that the Robinsons have made out a plausible basis to hold Family Dollar liable for its employees’ assault, either under a respon-deat superior liability theory or under negligence. Thus, while I agree with my colleagues that the § 1983 and infliction-of-emotional-distress claims are not plausible, I concur in part and dissent in part.
As the Majority recognizes, to state a plausible claim a plaintiff “need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element.” Maj. Op. 132 & n.56. Though the allegations are spare, in this context I believe they are sufficient to make out a claim. The District Court faulted the Robinsons for failing to allege facts that' are not publicly available—the employer’s subjective state of mind, such as its expectations of how its employees should handle suspected shoplifters. It would not be reasonable to expect this information before discovery, and there was none here.
As the District Court noted, Family Dollar may be liable for its employees’ intentional torts under the respondeat superior theory if the employees’ conduct “(1) [ ] is of a kind and nature that the employee[s] [are] employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally, used by the employeefs] against another, the use of force is not unexpected by the employer.” 2015 WL 6689850, at *3 (citation omitted). The District Court faulted the Robinsons for failing to allege “any facts demonstrating that Family Dollar expected its employees to use such intentional force.” Id.
I disagree. The second amended complaint alleged that the employees confronted and assaulted Ben Robinson on suspicion of shoplifting, at least in part, “for the purpose of serving Family Dollar.” SAC ¶ 44. It is plausible—not speculative—that an employer might expect its employees to use force to protect an employer’s property. Moreover, it is reasonable to expect discovery to reveal Family Dollar’s policy for how its employees should handle suspected shoplifters, what training Family Dollar gives its employees to handle these situations, and the extent it authorizes the use of force. Hence I would hold that the Robinsons have pled facts sufficient to invoke the respondeat superior doctrine at the motion-to-dismiss stage.
As for the negligent-supervision claim, the District Court faulted the Robinsons for alleging that the employees were acting within the scope of employment, whereas an employer can be liable only for employee conduct outside the scope of employment. “Rather than cure this deficiency,” the second amended complaint’s negligence count alleged that “ ‘[m]onitoring for theft is within the scope of ... employment.’ ” 2015 WL 6689850, at *4 (quoting SAC ¶ 55). However, a plaintiff may plead in the alternative. Construing the allega *135 tions in the light most favorable to the Robinsons, they are pleading that Family Dollar is liable either 1) under the respon-deat superior theory because its employees were acting within the scope of employment, or 2) under a negligence theory because its employees were acting outside the scope of employment, and Family Dollar should have done more to police this behavior. Thus, the Robinsons allege that although “[m]onitoring for theft is within the scope of the John Does’ employment,” assaulting shoplifters is not.
It is plausible that an employer is negligent in training or supervising its employees if its employees attack customers on suspicion of shoplifting. The District Court ruled, however, that the first amended complaint failed to allege a basis for negligence because it had not “allege[d] any facts showing that Family Dollar employees had dangerous propensities warranting Family Dollar’s supervision or that the assault ... [was] reasonably likely to occur.” 2015 WL 3400836, at *5. The Court then faulted the second amended complaint for “fail[ing] to allege anything factually supportive of a negligence claim.” 2015 WL 6689850, at *4. I disagree with this analysis. It is plausible to infer that employees who attack customers might have dangerous propensities. In addition, it is plausible to infer that if an employee has those propensities the situation might escalate when he confronts a shoplifter. Accordingly, the factual allegations, though bare, make out a plausible claim of negligence.
In summary, the main problem with the District Court’s reasoning is that it seems to fault the Robinsons for failing to allege facts that at the complaint stage are unavailable but would be reasonably expected to be discovered. What an employer expects an employee to do when it suspects a customer of shoplifting, how an employer trains its employees to confront potential shoplifters, and what an employer may know about its employees or their dangerous propensities, are uniquely in the control of the employer. To the extent this information is public, a plaintiff should allege it. But here, all Ben Robinson appears to know is that he went to Family Dollar, was suspected of shoplifting, and then was assaulted by Family Dollar employees. The allegations, spare as they may be, suffice in this context. I thus respectfully dissent as to the assault and negligence claims.